UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE L. DENNIE,  ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CAUSE NO.: 2:14-CV-142-JEM |
| ) | |
| CAROLYN W. COLVIN,  ) | |
| Acting Commissioner of the  ) | |
| Social Security Administration,  ) | |
| Defendant.  ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Michelle L. Dennie on April 25, 2014, and a Plaintiff's Brief in Support of Motion for Summary Judgment [DE 20], filed on April 3, 2015. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 7, 2015, the Commissioner filed a response, and on July 21, 2015, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**PROCEDURAL BACKGROUND**

On April 19, 2011, Plaintiff filed an application for disability insurance benefits and on June 27, 2011, filed an application for supplemental security income with the U.S. Social Security Administration alleging that she became disabled on March 7, 2011. Plaintiff's application was denied initially and upon reconsideration. On December 17, 2012, Administrative Law Judge ("ALJ") Mark Naggi held a hearing at which Plaintiff, with an attorney, and a vocational expert testified. On January 11, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. On March 5, 2014, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## FACTS

Plaintiff was diagnosed with inflammatory arthritis, bilateral plantar fasciitis, and asthma. She has been treated by her family physician, Dr. Ghoreishi, since at least February 2010, and he had diagnosed her with fibromyalgia by November 2012. Plaintiff takes medication, has undergone physical therapy and uses a cane. She also suffers diabetes mellitus, mild obesity, anemia, and non-medically determinable vertigo. In January 2013, after the ALJ's opinion, Dr. Ghoreishi completed a questionnaire evaluating Plaintiff's functional capacity, including significantly greater limitations than those found by the ALJ. He specifically addressed Plaintiff's limited ability to stand, walk, and sit, and the limitations on her ability to finger, grasp, and handle caused by her arthritis. He also addressed the side effects from Plaintiff's medications and the effect they would have on her ability to work.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). When a claimant

3

alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At steps four and five, the ALJ must consider an assessment of the claimant's Residual Functional Capacity ("RFC"). The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (citing SSR 96-8p, 1996 WL 374184 (July 2, 1996); 20 C.F.R. § 404.1545(a)) (other citations omitted). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001); *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff argues that she submitted additional medical records to the Appeals Council that were new and material, and that the Appeals Council erred in denying review of the ALJ's decision. The Commissioner argues that the Appeals Council did not make an error of law and therefore their decision is unreviewable.

"The Social Security Administration regulations require that body [the Appeals Council] to evaluate 'new and material evidence' in determining whether a case qualifies for review." *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012) (quoting 20 C.F.R. §§ 404.970(b), 416.1470). "[R]eview of the question whether the [Appeals] Council made an error of law in applying this regulation is *de novo* . . . In the absence of any such error, however, the Council's

4

decision whether to review is discretionary and unreviewable." *Id.* (quoting *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997) (internal quotation marks omitted).

In this case, Plaintiff argues that the Appeals Council erred in failing to review the ALJ's decision. Plaintiff provided additional updated medical records to the Appeals Council, including a functional capacity questionnaire completed by Dr. Ghoreishi, Plaintiff's treating physician since at least 2010. The notice of Appeals Council action is a form letter that states that it "considered the reasons you [Plaintiff] disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." AR 1. The exhibit list includes the evidence that Plaintiff claims is material, but the notice does not state that the Appeals Council explicitly considered it to be material, nor is there any reference to specific evidence in the notice.

The Commissioner argues that the Appeals Counsel concluded that the post-decision evidence was new and material, but not contrary to the weight of the evidence. She analogizes the situation to that in *Perkins v. Chater*, in which the Seventh Circuit Court of Appeals concluded that the Appeals Council had considered and evaluated the additional evidence because the letter spent a paragraph describing the new evidence. 107 F.3d at 1294. The Commissioner contends that, as in *Perkins*, the Appeals Council in this case must have determined that the evidence was new and material, but did not change the outcome, particularly since the Agency's policy requires the Appeals Council to designate evidence as an exhibit only if it is new, material, and time-relevant. *See* HALLEX I-3-5-20.

The Seventh Circuit Court of Appeals recently addressed this argument in *Stepp v. Colvin*, No. 14-3163, -- F.3d --, 2015 WL 4591886 (7th Cir. July 31, 2015). In that case, the

5

Seventh Circuit addressed a situation like this one in which the Appeals Council notice did not reference the relevant medical records in its text, but only included boilerplate denial language. As in this case, "[t]he Commissioner argue[d] that the inclusion of [the treating physician]'s notes in the list of exhibits conclusively establishes that the Council deemed those notes new and material," and referred to the agency procedures as laid out in HALLEX. *Id*. at *12. However, the Seventh Circuit was unpersuaded. It found,

> The minimal information provided by the Appeals Council in its denial of [the] request for review is insufficient to allow us to determine with any confidence that the Council accepted [the treating physician]'s notes as new and material evidence. While the Commissioner has pointed to a handful of ambiguous references in the order and denial notice that suggest that the Appeals Council may have deemed this evidence qualifying, these references fall considerably short of the Council's express analysis of the newly submitted evidence at issue in *Perkins*. We therefore cannot conclude that these abstruse signals, without more, demonstrate that the Council considered [the treating physician]'s treatment notes.

*Id*.

This Court also "interpret[s] the Appeals Council decision as stating that it has rejected [Plaintiff's] new evidence as non-qualifying under the regulation." *Id*. (quoting *Farrell*, 692 F.3d at 771). The Commissioner does not dispute that the newly-received evidence, including a questionnaire addressing Plaintiff's functional capacity completed by her treating physician, is new, material, and time-relevant. The questionnaire completed by Dr. Ghoreishi was dated January 22, 2013, after the date of the ALJ's decision, making it "new;" and it specifically addresses Plaintiff's impairment and capacity to work since 2010, filling in an evidentiary gap that was important to the ALJ's conclusions about Plaintiff's credibility and RFC, making it material. *See Farrell*, 692 F.3d at 771 (concluding that "new evidence [that] fills in that

6

evidentiary gap . . . [and] 'relates to the period on or before the date of the administrative law judge hearing decision' . . . was 'new and material' evidence that the Appeals Council improperly failed to consider") (quoting 20 C.F.R. § 404.970(b)); *see also Stepp,* 2015 WL 4591886, at *13 (concluding that treating physician notes created after the hearing that "create[] a 'reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered'" were new and material) (quoting *Perkins*, 107 F.3d at 1296)). Accordingly, the case must be remanded for consideration of the new and material evidence that the Appeals Council erred in failing to review.

Plaintiff makes several other arguments about insufficiencies in the ALJ's opinion. In particular, Plaintiff argues that the ALJ did not provide a proper evidentiary basis for his conclusion that Plaintiff could perform sedentary work. The ALJ rejected the only medical opinion that gave specific limits on Plaintiff's ability to do work, those of state agency physicians, as not well-supported by the record, and explicitly noted that the record included no limitations from any of Plaintiff's treating providers.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); SSR 96-8p at *7. Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young,* 362 F.3d at 1002.

7

In this case, the ALJ specifically noted the absence of any notes from Plaintiff's physicians indicating her physical limitations, such that the new evidence from Plaintiff's treating physician may change the RFC. Likewise, the additional medical information may also change the credibility assessment, since the ALJ discounted Plaintiff's statements of pain based in part on her treatment and the reports of her physicians' medical findings. *See* SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996) (stating that to determine credibility, the ALJ must consider the record as a whole, including objective medical evidence, the claimant's statement about symptoms, any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant, and any other relevant evidence). This matter is being remanded for consideration of the new, material evidence and thorough evaluation of the Plaintiff's claim. *See, e.g.*, *Rodehan-Hendress v. Colvin*, No. 4:14CV17, 2015 WL 773049, at *8 (N.D. Ind. Feb. 24, 2015) ("Thus, it appears that the Appeals Council failed to properly evaluate the new evidence, or, if it did evaluate the new evidence, it failed to issue a decision discussing the evidence. For this reason, the court will now remand the entire case to the ALJ so that all of the evidence may be considered anew."); *Marble v. Colvin*, No. 12 C 3035, 2013 WL 6513788, at *2 (N.D. Ill. Dec. 9, 2013) ("[W]e find that the new evidence must be evaluated by the Commissioner on remand and that it would be unproductive at this point to further analyze plaintiff's second argument regarding the adequacy of the ALJ's decision, which did not consider this evidence.")

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Motion for Summary Judgment [DE 20] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 21st day of August, 2015.

                                                    s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:     All counsel of record