# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| MICHELLE L. DENNIE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-142-JEM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 34], filed by Plaintiff on November 18, 2015.

**I.    Procedural Background**

On April 25, 2014, Plaintiff filed a Complaint with this Court seeking review of the Commissioner's decision denying her claim for disability insurance and supplemental security income benefits. On April 3, 2015, Plaintiff filed an opening brief outlining her arguments for remand, including arguments that the Appeals Council erred in failing to review the ALJ's decision in light of new and material evidence submitted to the Appeals Council.

On August 21, 2015, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. The Court granted remand because the Appeals Council unreasonably failed to properly evaluate new and material evidence. Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On November 18, 2015, Plaintiff filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). The Commissioner filed a response on November 30, 2015, and

on December 9, 2015, Plaintiff field a reply, including a supplemental request for fees incurred in drafting the reply.

**II.     Analysis**

The Equal Access to Justice Act provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004) ; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000).

In this case, the parties agree that the only relevant factor for the awarding of attorney fees is whether the Commissioner's position was substantially justified. The Commissioner argues that the EAJA motion should be denied because Plaintiff made several other arguments on which the Court did not remand. Plaintiff argues that the Commissioner's position was not substantially justified.

The standard of "substantially justified" is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Hallmark*, 200 F.3d at 1080. "It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Government bears the burden of proof that both the ALJ's decision and the Commissioner's defense of it were substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 686 (7th Cir. 2009). A position taken by the Commissioner is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). The Commissioner may also lack substantial justification where the ALJ's decision contravenes clear and established judicial precedent or violates agency regulations. *See Stewart*, 561 F.3d at 684. "While the parties' postures on individual matters may be more or less justified, the EAJA - like other fee-shifting statutes - favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990).

The statute defines "position of the United States" as "the position taken by the United States in the civil action" as well as "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The Court therefore must consider whether the Commissioner's litigation position as well as its pre-litigation conduct is substantially justified. *Golembiewski,* 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

3

Plaintiff argues that the Commissioner has not met her burden of proving that the pre-litigation position was substantially justified. In particular, Plaintiff argues that the Appeals Council's failure to consider material evidence was contrary to clear precedent from the Seventh Circuit Court of Appeals and therefore could not be substantially justified. The Commissioner argues that because Plaintiff made several other arguments that the Court did not use as the basis for remand, the Agency's position was substantially justified. That some of the Commissioner's other arguments may not have been contrary to precedent or have had justification is of no matter: the Commissioner's pre-litigation conduct in failing to consider material evidence was contrary to clearly established precedent and therefore not substantially justified, making attorney fees appropriate. *See Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009); *see also Bailey v. Barnhart*, 473 F. Supp. 2d 842, 846 (N.D. Ill. 2006) ("[W]e agree with other courts that have rejected the notion that a plaintiff must prevail on all, or even a majority, of her arguments in order to be awarded fees under the EAJA.").

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 34] and the supplemental fee request in her reply [DE 36] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $6,564.00 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the

Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

SO ORDERED this 28th day of June, 2016.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record